UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-247-JBC

EVA FULKS,                                                                    PLAINTIFF,

V.                MEMORANDUM OPINION AND ORDER

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                          DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The claimant, Eva Fulks, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner. The court, having reviewed the record and being otherwise sufficiently advised, will grant the Commissioner's motion for summary judgment and deny the plaintiff's motion to remand.

A.    **Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or

resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595, quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

In a cessation-of-benefits case, the issue is whether the claimant's medical impairments have improved to the point where she is able to perform substantial gainful activity. 42 U.S.C. §423(f); *Cutlip*, 25 F.3d at 286. Although the claimant was found "disabled" in a previous decision, she is not entitled to a presumption of continuing disability. *Cutlip*, 25 F.3d at 286. Rather, "the decision to terminate benefits must be made on the basis of the weight of the evidence and on a neutral basis with regard to the individual's condition, without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled." *Id.* In determining whether disability continues, the ALJ employs the sequential process codified in the Code of Federal Regulations, 20 C.F.R. §416.994(5). Under these regulations, benefits terminate if the ALJ finds that the claimant does not have an impairment or combination of impairments that meet or equal a listing in the Listing of Impairments; if the claimant has experienced medical improvement; and if the medical improvement affects the claimant's ability to work. 20 C.F.R. §416.994(5)(i)-(iii).

B.   **The ALJ's Determination**

In this case, the claimant had been receiving disability benefits due to

congenital anomalies of the heart. She initially applied for benefits in 1975 and 1976, and was awarded benefits in 1983. Since then, she has continued to receive "favorable" decisions from the Social Security Administration, the most recent "favorable" decision coming in 1992. In this case, however, the ALJ found that the claimant's impairments had improved and that these improvements affected her ability to work. The ALJ also found that the claimant had the residual functional capacity to perform a reduced range of light work and, using the Medical Vocational Guidelines, he took administrative notice that there was a significant number of jobs that the claimant could perform. Therefore, the ALJ found that the claimant was no longer disabled.

**C.    Analysis**

The claimant argues that the administrative record is incomplete because it does not contain any medical records from her initial applications in the 1970s. Therefore, she requests that the court remand the matter to the Social Security Administration for consideration of these records.

"Medical improvement is any decrease in severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you are disabled or continued to be disabled." 20 C.F.R. §416.994(b)(1)(i). In this case, the claimant's most favorable decision issued in 1992. Therefore, the issue was whether the claimant had experienced any medical improvement since that time. Resolution of this issue did not require the ALJ to review medical records from the 1970s. Substantial evidence supports the ALJ's decision that the claimant

3

experienced medical improvement related to her ability to work. In reaching it, he reviewed the claimant's medical records. These records support the ALJ's decision. Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the claimant's motion to remand (DE 12) is **DENIED**.

Signed on January 24, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY