# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

CIVIL ACTION NO. 05-247-JBC

EVA FULKS,                                                                        PLAINTIFF,

V.                        <u>MEMORANDUM OPINION AND ORDER</u>

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                              DEFENDANT.

* * * * * * * * * *

This matter is before the court on the claimant's motion for relief under Fed. R. Civ. P. 59(e). Counsel argues that the Commissioner failed to include a body of medical documents detailing the claimant's impairments from 1975. Additionally, counsel argues that he should be allowed to present additional arguments that he neglected to present in his original dispositive motion. The court, having reviewed the record and being advised, will deny the Rule 59(e) motion.

In a cessation-of-benefits case, the issue is whether the claimant's medical impairments have improved to the point that she is able to perform substantial gainful activity. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). Medical improvement "is any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision." 20 C.F.R. §416.994(b)(1)(i). Disability ceases if there has been medical improvement that is related to the claimant's ability to work. 20 C.F.R. § 416.994(b)(5)(i)-(iii). Here, the most favorable decision came in 1992. Therefore, any medical improvement had to have occurred after 1992. Resolution of this issue

did not require counsel or the ALJ to examine records from the 1970s.

Counsel also suggests that the court prematurely denied the appeal without allowing him the opportunity to fully argue his client's case. The record shows that counsel had several opportunities to make a case. After missing two deadlines to file a dispositive motion, counsel filed a pleading styled as a "Motion to Remand." The Federal Rules of Civil Procedure discourage piecemeal litigation; judicial economy is best served where counsel presents all of his relevant arguments at the same time. This practice prevents the court and opposing counsel from having to revisit issues that should have been reviewed earlier in the process. That counsel failed to present a sufficient battery of arguments when ordered to file a dispositive motion does not justify relief under Rule 59. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for relief under Fed. R. Civ. P. 59(e) (DE 17) is **DENIED**.

Signed on March 2, 2006

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

2